[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
The plaintiff, Katherine M. Spearin, individually and on behalf of Roland Spearin as executrix of his estate, brought this action for the injury and death of Roland Spearin as a result of his exposure to asbestos while employed at Rogers Corporation (hereinafter "Rogers") in Manchester. The plaintiff alleges that the defendants "mined, distributed and sold various asbestos products to the decedent's employer." (Complaint, para. 9). The first and second counts, brought by the plaintiff on behalf of Roland Spearin, allege a product liability claim and recklessness. The third count, brought by the plaintiff individually, alleges loss of consortium. CT Page 4277
The plaintiff alleges that the decedent was employed at Rogers from 1962 to 1982. The plaintiff alleges that she does not know when the first symptom of the decedent's disease appeared, but the decedent learned of his asbestos-related disease on or about February 19, 1986.
On August 18, 1989, Rogers filed a motion to intervene as co-plaintiff and to file an intervening complaint in order to seek reimbursement for any amounts it has paid or will become obligated to pay under the Workers' Compensation Act. On August 28, 1989, the plaintiff filed an objection to Rogers' motion to intervene, accompanied by a memorandum in support of the objection. The plaintiff claims that the motion to intervene is improper because the decedent was employed at Rogers after the effective date of the Product Liability Act of 1979 and the Act precludes recovery by an employer in a product liability action against a third party.
On September 25, 1989, Rogers filed a memorandum in support of its motion to intervene. Rogers argues that for the period of employment prior to October 1, 1979, the effective date of the Product Liability Act, Rogers has a right to intervene pursuant to the terms of Conn. Gen. Stat. Sec. 31-293 to claim reimbursement for payments and possible future payments made to the decedent for his dependents for workers' compensation benefits. Rogers claims that "the rights and liabilities of the employer and its insurer is [sic] predicated upon the statutes in effect at the time of employment as opposed to when the symptoms manifest." (Rogers' Memorandum in Support of Motion to Intervene, p. 7).
DISCUSSION
An applicant for intervention has a right to intervene where the applicant's interest is of such a direct and immediate character that the applicant "will either gain or lose by the direct legal operation and effect of the judgment." Horton v. Meskill, 187 Conn. 187, 195 (1982) (citations omitted).
Prior to the passage of the Product Liability Act, Conn. Gen. Stat. Sec. 52-572m et seq., on October 1, 1979, an employer could intervene as of right in a product liability action initiated by one of its employees to whom it had paid workers' compensation benefits. Conn. Gen. Stat. Sec.31-293(a). However, the passage of Section 52-572r(c) precludes employers from intervening in an employee's product liability action, notwithstanding the fact that the employer has paid the employee worker compensation benefits. See Rodia v. Tesco Corp., 11 Conn. App. 391 (1987). CT Page 4278
There has been no appellate determination of whether the Product Liability Act bars the employer's intervention where the employee has been employed prior to 1979 and is injured or discovers his disease or injury after October 1, 1979. There is currently a split of authority at the trial court level. See Gisolfi v. Eagle Belting Co., 3 CSCR 804
(September 14, 1988, Landau, J.) Several courts have held that the date of the injury determines whether the Product Liability Act bars intervention by the employer. Id.; See also Regonini v. Southland Containers, Inc.; 3 CSCR 886
(October 20, 1988, O'Brien, J.); Boisseau v. Judson Computers, Inc., 2 CSCR 930 (August 12, 1987, Aronson, J.); Wasilewski v. General Motors Corp., 2 CSCR 332 (February 13, 1987, Flanagan, J.). Other courts have held that the date of commencement of employment controls the employer's right to intervene. See Christie v. Victor Automotive Products, Inc.,2 CSCR 807 (June 30, 1987, McDonald, J.); Cohen v. Owens-Corning Fiberglas, D.N. H-86-429, U.S. District Court, District of Connecticut, Ruling on Motions to Intervene, January 4, 1990, Nevas, J. (attached to Rogers' Supplemental Memorandum in Support of Motion to Intervene filed July 6, 1990 (#133)); Ulvedal v. Heidelberg Eastern, Inc., D.N. B-89-73, U.S. District Court, District of Connecticut, Memorandum of Decision on Motion to Dismiss, March 6, 1991, Eginton, J.
The District Court decisions directly address the issue of employer intervention in product liability actions like the case at hand, which involves exposure to asbestos for a long period of time rather than a work-related injury occurring on a specific date or time. The District Courts have consistently held in asbestos cases that the date of the employment contract fixes the rights of intervenors. (See Ulvedal).
None of the Connecticut cases address such a situation. Accordingly, this Court chooses to follow the holdings of the District Court in Cohen and Ulvedal. Since the decedent's employment at Rogers commenced in 1962, prior to the enactment of the Product Liability Act in 1979, Rogers is entitled to intervene in this action. Rogers' Motion to Intervene is granted.
JUDGE PHILIP DUNN, J.